■ In the Matter of ERNEST HOLLEY, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent.— Appeal unanimously dismissed as academic. Memorandum: The sole issue raised on this appeal is the eligibility of appellant to be released on parole. Inasmuch as the record demonstrates that he has accepted parole, the appeal at this time is, therefore, academic. (Appeal from order of Erie Special Term denying application to correct records.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK FLORENCE, Appellant.— Order unanimously reversed and hearing directed unless an order of Monroe County Court dismissing the remaining four counts of the indictment is made and entered within 20 days after entry of the order to be made herein. Memorandum: Petitioner claims that he pleaded guilty to one count of a five count indictment after a conference with an Assistant District Attorney in which he was told the remaining counts would be dismissed. While the Assistant District Attorney named in the petition denies having any conversation at all with petitioner, another Assistant District Attorney states that petitioner's understanding as to dismissal of the remaining counts was correct and was the result of conferences with petitioner's attorney. However, there is nothing in the record before us showing dismissal of these counts by the court. Petitioner is entitled to either a dismissal of these counts or a hearing as to the validity of his plea. Petitioner's other contentions as to the validity of his plea are without merit. He contends that his plea was invalid since he did not plead guilty to a named crime as required by section 333 and subdivisions 1 and 2 of section 334 of the Code of Criminal Procedure. However, he did not plead guilty to a lesser crime but to one of the counts of the indictment. Consequently, the filing of a statement recommending acceptance of the plea pursuant to section 342-a of the Code of Criminal Procedure was not necessary. (Appeal from order of Monroe County Court denying motion to vacate judgment of conviction for robbery, first degree, rendered January 28, 1965.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HILL, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent.— Case held and decision reserved for further proceedings in accordance with the following Memorandum: As found by the County Court it has been the Board of Parole's decision since 1965 that relator should be paroled if a place can be found for him to live. Under the provisions of section 213 Correction Law such decision must necessarily have been grounded on the opinion of the board, " that there is reasonable probability that if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society." The fact that relator, age 72 and not physically able to work, after continuous confinement in the prison since 1931, cannot now provide a plan satisfactory to the Parole Board for his living arrangements if released on parole should not indefinitely prolong his period of imprisonment and deny him the privilege of parole. Certainly with assistance from the Parole Board and appropriate public and private social service groups a reasonable plan can be worked out to help relator to re-establish himself under the board's supervision. We direct the Parole Board to report to us within 60 days as to the arrangement made to effectuate relator's release on parole. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.